UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:                                    NO. 09-500004

STERLING GENERATIONS, LLC                 CHAPTER 11

    *Debtor*

### ORDER APPROVING MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS AND ESTABLISHING SALES PROCEDURE

Came on for hearing on the 24th day of April, 2009, the Motion to Sell Property Free and Clear of Liens and Establishing Sales Procedure ("Motion") filed by the Debtor, Sterling Generations, LLC.

Appearances are noted in the record. The Court having reviewed the Motion and the Objections filed by Plymouth Park Tax Services, LLC and D-J Enterprises of Panama City, Inc., (the "Objections") and being of the opinion that the law and evidence are in favor of granting the motion and finding same to be in the best interest of the Debtor, accordingly:

IT IS ORDERED that the Motion is granted and that the Objections are withdrawn, satisfied and/or overruled.

IT IS FURTHER ORDERED that the Debtor is authorized to sell all of its real property (the "property") located in Panama City Beach, Florida, consisting of two parcels of approximately 30 total acres, more or less.  One parcel, tax I.D. #34068-000-000, is vacant.  The second parcel, tax I.D. # 34095-000-000, is improved with a small strip center. Copies of the legal descriptions of the two parcels are attached hereto as composite Exhibit "A".

IT IS FURTHER ORDERED that pursuant to 11 U.S.C. Section 363 and Rules 6004 and 6005 of the Federal Rules of Bankruptcy Procedure, the Property shall be sold free and clear of all liens, claims, interests and encumbrances, with any such liens, claims, interests and encumbrances attaching to the proceeds of said sale subject to the right of Central Progressive Bank ("CPB") to credit bid its total claim including that arising under the CPB loan documents except that the sale and the Property shall be subject to that certain lease in favor of D-J Enterprises of Panama City, Inc. CPB is deemed a Qualified Bidder for all purposes without complying with the requirements set forth below. The application of the CPB credit bid shall be determined by the Court if the Debtor and CPB cannot agree otherwise. CPB may assign its right to credit bid and/or take title to the Property to any entity to whom the claim is assigned or a single-purpose entity formed by CPB for the purpose of bidding and/or taking title. In the event that CPB or its assigns is the successful bidder, CPB shall pay to Plymouth Park Tax Services, LLC ("Plymouth") and TUBA IV, LLC ("TUBA")- the amounts required to satisfy the tax liens of Plymouth and TUBA by the Closing Date as defined herein.

IT IS FURTHER ORDERED that the terms of the sale of the Property shall be as follows:

(a)  Due diligence materials shall be limited to those parties which (a) the Debtor or CPB determine in their discretion have a bona fide interest in consummating the transaction

and (b) have executed a confidentiality agreement acceptable to the Debtor and CPB.

(b) The Property shall be transferred on an "AS IS," "WHERE IS," and "WITH ALL FAULTS" basis. ALL EXPRESS AND IMPLIED WARRANTIES ARE EXPRESSLY DISALLOWED, INCLUDING WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

(c) The sale of the property will be for all cash at closing, subject to the right of CPB to credit bid.

(d) It shall be the purchaser's obligation to obtain all necessary licenses and regulatory approvals.

(e) By participating in the auction, each bidder shall be deemed to have viewed the assets and reviewed all pertinent documents before bidding and to rely solely on such due diligence in making any offer, and not to have relied on any oral representations.

(f) All offers accepted for the Property are subject to the approval of the Court. The Debtor and CPB will consult with each other regarding the offers.

(g) Provided it has not been stayed by a Court of competent jurisdiction and that the Court has authorized the applicability of Bankruptcy Code Section 363(m), the closing and sale for which a bid was accepted shall take place (i) within ten (10) days following approval by the Court or (ii) at such earlier time as may be agreed to by

      the Debtor ("Closing Date").  With respect to such Closing Date, time is of the essence against the bidder and to the benefit of the Debtor.

(h) On the Closing Date, the successful bidder shall pay the balance of the purchase price in certified check, bank check, wire, or other means acceptable to the Debtor and CPB (unless the successful bidder is CPB with a credit bid).  All adjustments to be made in connection with the closing shall be made as of midnight of the day preceding the closing.  Any adjustments attributable to escalation or pass-through charges that would be billed after such adjustment date shall be made based upon the most recent billing received by the Debtor for such charges.  The bidder shall be liable for all obligations from the adjustment date forward and shall indemnify the Debtor for them.

IT IS FURTHER ORDERED that the sale of the Property shall be conducted by auction on June 1, 2009, at 10:00 a.m., at the offices of Chesser & Barr, P.A., 1201 Eglin Parkway, Shalimar, Florida, 32579, utilizing the following procedure:

    (a) The Debtor shall advertise the Property in a newspaper of local circulation at least two times prior to the sale with the last ad being at least five (5) days before the sale date.

(b) Initial bids must be received from Qualified Bidders by 4:00 p.m. CDT, Thursday, May 28, 2009 (the "initial Bid Deadline").

(c) All bids and other information shall be delivered to the following persons by facsimile:

(i) Louis L. Long, Jr. at 850-651-9867

(ii) Robin B. Cheatham at 504-566-0210

(d) The Debtor and CPB may agree to extend the Initial Bid Deadline for any bidder.

(e) To be determined a Qualified Bidder, potential bidders must provide the Debtor and CPB by the Initial Bid Deadline either certified financial statements or evidence of financial wherewithal, experience, and other relevant considerations, or other information the Debtor and CPB may request to determine that the bidder is able to consummate a transaction as contemplated in the Motion.

(f) In addition, to become a Qualified Bidder, by the Initial Bid Deadline, a potential bidder must deliver to the Debtor $50,000.00 in United States Dollars ("USD") by certified check, bank check, wire or other means acceptable to the Debtor and CPB.  This amount shall be held in escrow to be applied to a successful bid or, upon written request to the Debtor's counsel, returned to the

       unsuccessful bidder upon a determination that the bid has been unsuccessful. At the option of an unsuccessful bidder, the funds may be left on deposit with the Debtor's counsel to keep a bid in place as a backup.

(g) An asset purchase agreement may be obtained by contacting either Louis Long, counsel for the Debtor, or Robin Cheatham, counsel for CPB. To be a Qualified Bidder, by the Initial Bid Deadline, a potential bidder must deliver an executed asset purchase agreement along with a redline against the asset purchase agreement reflecting any changes by the bidder. The signed asset purchase agreement must provide cash consideration to the Debtors of at least $10,500,000.00 USD for the Property.

(h) After the Debtor announces the first acceptable bid at the auction, the next bid (first overbid) must exceed such bid by not less than $100,000.00 USD. Each subsequent bid must exceed the previous bid by not less than $100,000.00 USD. The Debtor retains the right to raise or lower the required minimum incremental bids at the auction at its discretion.

(i) The Debtor reserves the right (i) to determine which Qualified Bid, if any, is the highest or otherwise best bid; and (ii) to reject any bid

which it believes to be (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the terms of this order, or (c) contrary to the best interests of the Debtor or its estate.

(j) To the extent a bid involves any contingency, delayed payment, or non-cash component, the Debtor and CPB may value such components at any amount, including zero, and the bidder shall have no rights of appeal whatsoever from such valuation. The Debtor and CPB will consult with each other regarding such valuations.

(k) At the conclusion of the auction the Debtor and CPB shall consider the auction results. The Debtor shall seek approval from the Court at the post-auction hearing for the qualified bid or bids which the Debtor and CPB believe represent the highest and best acceptable offer(s) or the credit bid of CPB, whichever is higher. The Debtor may seek approval of backup bids with the consent of the bidder to be the backup bidder.

(l) Successful bidders must, at the conclusion of the auction or within such extended period as the Debtor, in agreement with CPB, may permit, deliver

       to the Debtor a general deposit, in the form of a certified check, bank check, wire, or other means acceptable to the Debtor and CPB, in an amount equal to five percent (5%) in USD of their bid, with the Qualifying Bidder Deposit serving as a credit toward this amount, which general deposit shall be a credit toward the purchase price paid by the successful bidder on a sale approved by the Court.  If the successful bidder fails to close by the Closing Date, the five percent (5%) general deposit shall be retained by the Debtor as liquidated damages and paid to CPB, and shall not be a penalty, it being agreed in advance by the parties participating in the auction that such amount is a reasonable pre-estimate of loss and that actual damages are impossible of precise determination.

(m)  If a closing with a successful Qualified Bidder is not concluded by the Closing Date or within such other time as is further agreed by the Debtor and CPB, the Debtor may, without further court approval or order, conclude the sale of the Property with the next highest or best Qualified Bidder's bid, providing such bid has been approved by the Court as a backup bid, including any credit bid of CPB.

(n) The Debtor and CPB and its representatives shall have no duties or obligations except those expressly set forth in this order. They shall not be required to invest the deposits in an interest bearing account or to segregate each deposit, but may, in their sole discretion, do so. If there is a dispute between a bidder and the Debtor or CPB, the Debtor and CPB may retain the deposit as provided herein, and either party may apply to the Court for a determination of the rights and obligations of the parties. The Court shall retain jurisdiction to resolve all disputes with respect to such deposit.

(o) Notwithstanding the foregoing, CPB is deemed a Qualified Bidder and need not comply with the requirements set forth herein above.

(p) As soon as feasible on the date of or after the auction, at a date and time set by the Court, a hearing to consider the approval of the sale of the Property shall be conducted.

(q) The sale proceeds shall be retained by the Debtor until the Court issues an order directing the Debtor to disburse the proceeds.

IT IS FURTHER ORDERED that this Court finds that this Order should not be stayed pursuant to provisions of Rule 6004(h) of the

Federal Rules of Bankruptcy Procedure.

Done and Ordered this 11th day of May, 2009.

/s/ Lewis M. Killian, Jr.
Lewis M. Killian, Jr.
U.S. Bankruptcy Judge

C:\Documents and Settings\marsha\Desktop\Sale order.wpd

ID# 34068-000-000

## Exhibit "A"

PARCEL 1
A PARCEL OF LAND BEING A PORTION OF ORIGINAL GOVERNMENT LOTS 1 AND 2 OF FRACTIONAL SECTION 27, TOWNSHIP 3 SOUTH, RANGE 16 WEST, BAY COUNTY, FLORIDA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

FOR A POINT OF BEGINNING, COMMENCE AT THE INTERSECTION OF THE SOUTH RIGHT-OF-WAY LINE OF HUTCHISON BOULEVARD (RIGHT-OF-WAY VARIES) AND THE EAST RIGHT-OF-WAY LINE OF CLARA AVENUE (100.00 FOOT WIDE RIGHT-OF-WAY); THENCE SOUTH 88 DEGREES 10 MINUTES 59 SECONDS EAST ALONG THE SOUTH RIGHT-OF-WAY LINE OF SAID HUTCHISON BOULEVARD, 20.94 FEET TO A POINT OF CURVATURE; THENCE SOUTHEASTERLY ALONG THE SOUTHERLY RIGHT-OF-WAY LINE OF SAID HUTCHISON BOULEVARD, ON THE ARC OF A CURVE CONCAVE TO THE SOUTH, 868.11 FEET TO POINT NON-TANGENT TO SAID CURVE, WHICH HAS A RADIUS OF 1869.86 FEET, AND A CHORD LENGTH OF 860.00 FEET, BEARING SOUTH 74 DEGREES 52 MINUTES 58 SECONDS EAST; THENCE CONTINUING ALONG SAID SOUTHERLY RIGHT-OF-WAY LINE, SOUTH 55 DEGREES 39 MINUTES 42 SECONDS EAST, 311.68 FEET TO THE NORTHWESTERLY CORNER OF A PARCEL RECORDED IN OFFICIAL RECORDS BOOK 990, PAGE 1023 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA; THENCE DEPARTING THE SOUTHERLY RIGHT-OF-WAY LINE OF SAID HUTCHISON BOULEVARD, RUN SOUTH 27 DEGREES 06 MINUTES 40 SECONDS WEST, ALONG THE WESTERLY LINE OF SAID PARCEL, 1148.25 FEET TO THE NORTHEASTERLY RIGHT-OF-WAY LINE OF KUKLA DRIVE AND DESCRIBED IN OFFICIAL RECORDS BOOK 245, PAGE 1517 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA; THENCE ALONG THE NORTHERLY RIGHT-OF-WAY LINE OF SAID KUKLA DRIVE FOR THE FOLLOWING COURSES AND DISTANCES: THENCE NORTH 38 DEGREES 22 MINUTES 56 SECONDS WEST 476.00 FEET; THENCE NORTH 04 DEGREES 07 MINUTES 34 SECONDS WEST, 297.45 FEET; THENCE NORTH 56 DEGREES 57 MINUTES 34 SECONDS WEST 386.27 FEET TO THE EAST RIGHT-OF-WAY OF SAID CLARA AVENUE; THENCE NORTH 06 DEGREES 08 MINUTES 26 SECONDS EAST, ALONG SAID EAST RIGHT-OF-WAY LINE, 283.53 FEET TO THE MONUMENTED SOUTHWEST CORNER OF A PARCEL RECORDED IN OFFICIAL RECORDS BOOK 1325, PAGE 854 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA; THENCE NORTH 88 DEGREES 21 MINUTES 06 SECONDS EAST, ALONG THE SOUTH LINE OF SAID PARCEL, 240.07 FEET TO THE MONUMENTED SOUTHEAST CORNER OF SAID PARCEL; THENCE NORTH 05 DEGREES 41 MINUTES 03 SECONDS EAST, ALONG THE MONUMENTED EAST LINE OF SAID PARCEL AND THE EAST LINE OF A PARCEL RECORDED IN OFFICIAL RECORDS BOOK 1056, PAGE 726 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA, AND THE EAST LINE OF A PARCEL, RECORDED IN OFFICIAL RECORDS BOOK 2119, PAGE 1442 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA, 180.16 FEET TO NORTHWEST CORNER OF SAID PARCEL RECORDED IN OFFICIAL RECORDS BOOK 2119, PAGE 1442; THENCE SOUTH 88 DEGREES 16 MINUTES 36 SECONDS WEST, ALONG THE NORTH LINE OF SAID PARCEL, 239.40 FEET TO THE CURVING EAST RIGHT-OF-WAY LINE OF SAID CLARA AVENUE; THENCE NORTHERLY ALONG SAID EAST RIGHT-OF-WAY LINE ON THE ARC OF A CURVE CONCAVE TO THE WEST, 81.88 FEET TO THE SOUTH RIGHT-OF-WAY LINE OF SAID HUTCHISON BOULEVARD AND THE POINT OF BEGINNING, SAID CURVE HAVING A RADIUS OF 3869.02 FEET, AND A CHORD LENGTH OF 81.88 FEET, BEARING NORTH 04 DEGREES 25 MINUTES 38 SECONDS EAST.

PARCEL 2
A PARCEL OF LAND BEING A PORTION OF ORIGINAL GOVERNMENT LOTS 1 AND 2 OF FRACTIONAL SECTION 27, TOWNSHIP 3 SOUTH, RANGE 16 WEST, BAY COUNTY, FLORIDA AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCE AT THE INTERSECTION OF THE SOUTH RIGHT-OF-WAY LINE OF HUTCHISON BOULEVARD (RIGHT-OF-WAY VARIES) AND THE EAST RIGHT-OF-WAY LINE OF CLARA AVENUE (100.00 FOOT WIDE RIGHT-OF-WAY); THENCE SOUTHERLY ALONG THE EAST RIGHT-OF-WAY LINE OF SAID CLARA AVENUE, ON THE ARC OF A CURVE CONCAVE TO THE WEST, 157.95 FEET TO A POINT OF TANGENCY, SAID CURVE HAVING A RADIUS OF 3869.02 FEET, AND A CHORD LENGTH OF 157.93 FEET, BEARING SOUTH 04 DEGREES 59 MINUTES 25 SECONDS WEST; THENCE CONTINUING ALONG SAID EAST RIGHT-OF-WAY LINE, SOUTH 06 DEGREES 08 MINUTES 26 SECONDS WEST, 461.45 FEET TO THE SOUTHWESTERLY RIGHT-OF-WAY LINE OF KUKLA DRIVE AND DESCRIBED IN OFFICIAL RECORDS BOOK 245, PAGE 517 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA; THENCE ALONG THE SOUTHERLY RIGHT-OF-WAY LINE OF SAID KUKLA DRIVE FOR THE FOLLOWING COURSES AND DISTANCES: THENCE SOUTH 56 DEGREES 57 MINUTES 34 SECONDS EAST, 320.00 FEET; THENCE SOUTH 04 DEGREES 07 MINUTES 34 SECONDS EAST, 79.15 FEET TO ITS INTERSECTION WITH THE EXTENSION OF THE NORTH LINE OF A PARCEL RECORDED IN OFFICIAL RECORDS BOOK 1268, PAGE 1978 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA AS

File Number: 05-3236
Legal Description with Non Homestead
Closer's Choice

OR BK 2722 PG 1566
Case 09-50004-LMK   Doc 83   Filed 05/11/09   Page 12 of 14

MONUMENTED; THENCE SOUTH 87 DEGREES 20 MINUTES 23 SECONDS WEST, ALONG THE NORTH LINE OF SAID PARCEL, AND ITS EXTENSION, 124.58 FEET TO THE NORTHWEST CORNER OF SAID PARCEL AS MONUMENTED; THENCE SOUTH 02 DEGREES 38 MINUTES 38 SECONDS EAST, ALONG THE WEST LINE OF SAID PARCEL 149.62 FEET TO THE SOUTHWEST CORNER OF SAID PARCEL AND MONUMENTED; THENCE NORTH 87 DEGREES 29 MINUTES 06 SECONDS EAST, ALONG THE SOUTH LINE OF SAID PARCEL AND ITS EXTENSION AS MONUMENTED, 128.46 FEET TO THE WEST RIGHT-OF-WAY LINE OF SAID KUKLA DRIVE; THENCE SOUTH 04 DEGREES 07 MINUTES 34 SECONDS EAST ALONG THE WEST RIGHT-OF-WAY LINE OF SAID KUKLA DRIVE 55.85 FEET TO A POINT OF INTERSECTION; THENCE CONTINUING ALONG THE RIGHT-OF-WAY LINE OF SAID KUKLA DRIVE SOUTH 38 DEGREES 22 MINUTES 56 SECONDS EAST, 605.00 FEET TO A POINT OF INTERSECTION WITH A CURVE NON TANGENT TO SAID RIGHT-OF-WAY LINE; THENCE SOUTHEASTERLY ALONG SAID RIGHT-OF-WAY LINE ON THE ARC OF A CURVE CONCAVE TO THE SOUTHWEST 273.08 FEET TO THE NORTHWESTERLY CORNER OF A PARCEL RECORDED IN OFFICIAL RECORDS BOOK 47, PAGE 43 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA, SAID CURVE HAVING A RADIUS OF 34897.50 FEET AND A CHORD LENGTH OF 273.08 FEET BEARING SOUTH 56 DEGREES 36 MINUTES 09 SECONDS EAST; THENCE SOUTH 27 DEGREES 06 MINUTES 40 SECONDS WEST ALONG THE WESTERLY LINE OF SAID PARCEL, 121.01 FEET TO THE NORTHEASTERLY CORNER OF A PARCEL RECORDED IN OFFICIAL RECORDS BOOK 1088, PAGE 1608 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE OF SAID PARCEL, ON THE ARC OF A CURVE CONCAVE TO THE SOUTHWEST, 241.47 FEET TO THE NORTH WESTERLY CORNER OF SAID PARCEL, SAID CURVE HAVING A RADIUS OF 34777.27 FEET, AND A CHORD LENGTH OF 241.47 FEET, BEARING NORTH 56 DEGREES 33 MINUTES 17 SECONDS WEST; THENCE SOUTH 27 DEGREES 06 MINUTES 57 SECONDS WEST, ALONG THE NORTHWESTERLY LINE OF SAID PARCEL, 200.63 FEET; THENCE NORTH 56 DEGREES 57 MINUTES 34 SECONDS WEST, 60.32 FEET; THENCE SOUTH 27 DEGREES 06 MINUTES 57 SECONDS WEST, 168.03 FEET; THENCE NORTH 56 DEGREES 50 MINUTES 10 SECONDS WEST, 57.32 FEET; THENCE NORTH 27 DEGREES 06 MINUTES 57 SECONDS EAST, 167.91 FEET; THENCE NORTH 56 DEGREES 57 MINUTES 34 SECONDS WEST, 3.02 FEET; THENCE NORTH 27 DEGREES 06 MINUTES 57 SECONDS EAST, 100.00 FEET; THENCE NORTH 51 DEGREES 24 MINUTES 38 SECONDS WEST, 152.24 FEET; THENCE SOUTH 27 DEGREES 06 MINUTES 57 SECONDS WEST, 114.80 FEET; THENCE NORTH 56 DEGREES 57 MINUTES 34 SECONDS WEST, 343.01 FEET; THENCE NORTH 06 DEGREES 34 MINUTES 10 SECONDS EAST, 100.00 FEET; THENCE NORTH 56 DEGREES 57 MINUTES 34 SECONDS WEST, 187.57 FEET; THENCE SOUTHEASTERLY ON THE ARC OF A CURVE CONCAVE TO THE WEST A DISTANCE OF 151.45 FEET TO A POINT SAID CURVE HAVING A RADIUS OF 724.69 FEET, AND A CHORD LENGTH OF 151.17 FEET, BEARING NORTH 19 DEGREES 21 MINUTES 28 SECONDS EAST; THENCE SOUTH 56 DEGREES 57 MINUTES 34 SECONDS EAST, 159.07 FEET; THENCE NORTH 06 DEGREES 34 MINUTES 10 SECONDS EAST, 443.75 FEET; THENCE NORTH 56 DEGREES 57 MINUTES 34 SECONDS WEST, 156.33 FEET; THENCE NORTH 06 DEGREES 08 MINUTES 26 SECONDS EAST, 119.03 FEET TO THE POINT OF BEGINNING.

File Number: 05-3236
Legal Description with Non Homestead
Closer's Choice

ID# 34095-000-000

### EXHIBIT "A"

BEGINNING AT A POINT WHERE THE EAST LINE OF THE WILLIAM L. BROWN AND WIFE, GERTRUDE K. BROWN PROPERTY (DESCRIBED IN DEED OF SEPTEMBER 27, 1941, FROM IRA A. HUTCHINSON ET UX TO THEM, RECORDED IN DEED BOOK 95, PAGE 67, RECORDS OF BAY COUNTY, FLORIDA) CROSSES THE CENTERLINE OF U.S. HIGHWAY NO. 98, OR STATE HIGHWAY 10, SAID POINT OF BEGINNING BEING LOCATED 359.3 FEET SOUTHEASTERLY FROM THE POINT OF INTERSECTION OF THE WEST LINE OF ORIGINAL GOVORNMENT LOT 2, SECTION 27, TOWNSHIP 3 SOUTH, RANGE 16 WEST WITH THE CENTERLINE OF SAID HIGHWAY; THENCE SOUTHEASTERLY DOWN THE CENTERLINE OF SAID HIGHWAY 200 FEET; THENCE NORTH 22.5 DEGREES EAST, 200 FEET; THENCE NORTHWESTERLY PARALLEL TO THE CENTER LINE OF SAID HIGHWAY TO THE EASTERN BOUNDARY OF SAID WILLIAM L. BROWN AND GERTRUDE K. BROWN TRACT; THENCE SOUTHWARD ALONG THE EAST LINE OF SAID WILLIAM L. BROWN AND GERTRUDE K. BROWN TRACT TO SAID POINT OF BEGINNING. LESS AND EXCEPT THE RIGHT-OF-WAY FOR SAID HIGHWAY (U.S. 98 STATE ROAD 10). SAID LAND LOCATED IN ORIGINAL GOVERNMENT LOT 2, SECTION 27, TOWNSHIP 3 SOUTH, RANGE 16 WEST.

LESS AND EXCEPT:
COMMENCE AT THE INTERSECTION OF THE NORTHERLY RIGHT OF WAY LINE OF STATE ROAD NO. 30 (U.S. ALTERNATE 98) AND THE EAST LINE OF THE WILLIAM L. BROWN AND GERTRUDE K. BROWN PROPERTY AS DESCRIBED IN BAY COUNTY DEED BOOK 95, PAGE 67; THENCE N04°48'E ALONG SAID EAST LINE FOR 101.54 FEET TO THE POINT OF BEGINNING; THENCE CONTINUE N04°48'E ALONG SAID EAST LINE FOR 85.04 FEET; THENCE SOUTHEASTERLY PARALLEL WITH THE CENTERLINE OF SAID STATE ROAD NO. 30 FOR 32.00 FEET; THENCE SOUTHWESTERLY AT AN INTERIOR ANGLE OF 94°26'55" LEFT FOR 76.35 FEET TO THE POINT OF BEGINNING. BEING A PORTION OF GOVERNMENT LOT 2, SECTION 27, TOWNSHIP 3 SOUTH, RANGE 16 WEST, BAY COUNTY, FLORIDA.

ALSO DESCRIBED AS FOLLOWS:
COMMENCE AT THE INTERSECTION OF THE CENTERLINE OF U.S. HIGHWAY NO. 98A (66.0 FOOT WIDE RIGHT-OF-WAY) AND A STRAIGHT LINE RUNNING FROM THE NORTHEAST CORNER OF U.S. GOVERNMENT LOT 1 TO THE SOUTHWEST CORNER OF GOVERNMENT LOT 1 OF SECTION 27, TOWNSHIP 3 SOUTH, RANGE 16 WEST, BAY COUNTY, FLORIDA; THENCE NORTH 56°57'34" WEST ALONG THE CENTERLINE OF SAID U.S. HIGHWAY 98A, 1136.22 FEET; THENCE NORTH 27°06'40" EAST, PARRALLEL TO SAID STRAIGHT LINE RUNNING BETWEEN THE NORTHEAST CORNER AND THE SOUTHWEST CORNER OF GOVERNMENT LOT 1, 33.02 FEET TO THE NORTHEASTERLY RIGHT-OF-WAY LINE OF SAID U.S. HIGHWAY NO. 98A; THENCE NORTH 56°57'34" WEST, ALONG THE NORTHEASTERLY RIGHT-OF-WAY LINE OF SAID U.S. HIGHWAY NO. 98A, 305.94 FEET TO THE SOUTHWESTERLY CORNER OF A PARCEL RECORDED IN OFFICIAL RECORDS BOOK 2019, PAGE 1677,

Legal Description
File No.: 05-3237

IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA, AND THE POINT OF BEGINNING; THENCE CONTINUING NORTH 56°57'34" WEST, ALONG SAID NORTHEASTERLY RIGHT-OF-WAY, 220.26 FEET TO THE SOUTHEASTERLY CORNER OF A PARCEL RECORDED IN OFFICIAL RECORDS BOOK 1781, PAGE 2342, IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA; THENCE NORTH 06°23'16"EAST, ALONG THE EASTERLY LINE OF SAID PARCEL 101.54 FEET; THENCE CONTINUING ALONG THE EASTERLY LINE OF SAID PARCEL, NORTH 28°25'09" EAST, 76.50 FEET TO A POINT BEING ON THE BOUNDARY LINE OF SAID PARCEL RECORDED IN OFFICIAL RECORDS BOOK 1781, PAGE 2342; THENCE SOUTH 56°57'34" EAST, ALONG A LINE PARALLEL TO AND 200.00 FEET NORTHERLY OF THE CENTERLINE OF SAID U.S. HIGHWAY NO. 98A, 272.08 FEET TO THE NORTHWEST CORNER OF SAID PARCEL RECORDED IN OFFICIAL RECORDS BOOK 2019, PAGE 1677; THENCE SOUTH 33°02'28" WEST, ALONG THE WESTERLY LINE OF SAID PARCEL, 167.00 FEET TO THE POINT OF BEGINNING.

Legal Description
File No.: 05-3237